DAVID A. HUBBERT
Deputy Assistant Attorney General

YEN JEANNETTE TRAN
DYLAN C. CERLING
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3366 (v) (Tran)
202-616-3395 (v) (Cerling)
202-307-0054 (f)
Y.Jeannette.Tran@usdoj.gov
Dylan.C.Cerling@usdoj.gov

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) Case No. 22-cv-1130<br>) |
| Plaintiff, | )<br>) **COMPLAINT** |
| v. | )<br>) |
| GLEN A. STOLL; STOLL FAMILY TRUST; DIRECTOR OF THE FAMILY DEFENSE LEAGUE a.k.a. FAMILY DEFENSE LEAGUE a.k.a. FAMILY DEFENSE NETWORK a.k.a. FAMILY DEFENSE FUND; and SNOHOMISH COUNTY, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

The United States of America ("United States"), by and through its undersigned counsel, hereby alleges as follows:

## INTRODUCTION

1. This is a civil action timely brought by the United States of America ("United States") to: (i) reduce to judgment the outstanding federal tax assessments against Glen A. Stoll; (ii) find a parcel of improved property located in Snohomish County, Washington, described

Complaint
(Case No. 22-cv-1130)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

more completely below and referred to as the "Subject Property", is held by a nominee and/or alter ego of Defendant Glen A. Stoll; (iii) foreclose federal tax liens on the Subject Property, selling it and distributing the proceeds of such sale in accordance with the Court's findings as to the validity and priority of the liens and claims of all the parties as to the Subject Property.

## JURISDICTION AND VENUE

2. This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Glen A. Stoll resides in this judicial district, the federal tax liabilities at issue accrued within this judicial district, and the Subject Property is located within this judicial district.

5. Because Glen A. Stoll resides in Snohomish County and the Subject Property is located in Snohomish County, pursuant to LCR 3(d), this action should be assigned to the Court in Seattle.

## DEFENDANTS

6. Glen A. Stoll resides at the Subject Property located in this judicial district and is named as a defendant because he has unpaid federal tax liabilities and has an ownership interest in the Subject Property.

7. The Stoll Family Trust is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

8. The Director of the Family Defense League a.k.a. Family Defense League a.k.a. Family Defense Network a.k.a. Family Defense Fund is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

Complaint
(Case No. 22-cv-1130)

2

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

9. The Director of the Family Defense League is registered with the Washington State Secretary of State as an active business with a UBI 602 092 549. It is listed as a corporation sole. Glen Stoll is listed as the Governor.

10. Snohomish County is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

## SUBJECT PROPERTY

11. The real property at issue in this action consists of a parcel of real property commonly described as 7311 Grove St. SE, Marysville, WA 98270 ("Subject Property").

12. The Subject Property bears Snohomish County Assessor's Parcel Number 7753-000-007-00.

13. The legal description of the Subject Property is as follows:

LOT(S) 7, MUNSON CREEK ESTATES DIVISION III, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 49 OF PLATS, PAGE(S) 180 AND 181, RECORDS OF SNOHOMISH COUNTY, WASHINGTON

14. On or about May 21, 2002, "Richard H. Stoll and Mary Stoll Family Trust," acquired the Subject Property by Statutory Warranty Deed from Joseph S. Walters and Blanche F. Walters.

15. The consideration stated on the Statutory Warranty Deed referred to in paragraph 14, above, is "ten dollars and other good and valuable consideration." Public Snohomish County property tax records [https://perma.cc/7H6R-K7PK] show that the actual sale amount was for $195,000.

16. The Statutory Warranty Deed referred to in paragraph 14, above, was recorded with the Snohomish County Auditor on May 23, 2002 (Instrument No. 200205230886).

17. On or about May 16, 2002, "Richard H Stoll and Mary Stoll, Family Trust" granted a Deed of Trust with respect to the Subject Property to Credit Union of the Pacific in the amount of $185,250.00.

18. The Deed of Trust referred to in paragraph 17, above, was recorded with the Snohomish County Auditor on May 23, 2002 (Instrument No. 200205230887).

Complaint
(Case No. 22-cv-1130)

3

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

19. On or about August 31, 2005, "Richard H. Stoll and Mary Stoll, a marital community," purported to transfer the Subject Property to "Richard H. Stoll and Mary Stoll, as Cotrustees of the Stoll Family Trust, under Agreement dated (UAD) the 31st day of January, 1992" by Quit Claim Deed.

20. The consideration stated on the Quit Claim Deed referred to in paragraph 19, above, is "love and affection." Public records show this transfer's sale amount being $0. *See* [https://perma.cc/7H6R-K7PK].

21. The Quit Claim Deed referred to in paragraph 19, above, was recorded with the Snohomish County Auditor on October 4, 2005 (Instrument No. 200510040427).

22. On or about September 13, 2005, Richard and Mary Stoll executed a Restatement of the Richard H. Stoll and Mary Stoll Family Trust Agreement referred to in paragraph 19, above.

23. Article VII of the Restatement of Stoll Family Trust Agreement entitled "Distribution of Trust" states "[a]ny interest the Trust may have in the property known as 7311 Grove St., Marysville, Washington, is to be assigned to the portion allocated for **Glen A. Stoll**."

24. Richard H. Stoll died on February 25, 2006.

25. Mary Stoll died on October 29, 2011.

26. On or about November 28, 2012, Credit Union of the Pacific gave "Richard H Stoll and Mary Stoll" a Full Reconveyance of the Subject Property.

27. The Full Reconveyance referred to in paragraph 26, above, was recorded with the Snohomish County Auditor on December 4, 2012 (Instrument No. 201212040264).

## FEDERAL TAX LIABILITIES AND LIENS

28. The United States incorporates by reference paragraphs 1 through 27, above, as if fully set forth here.

29. Glen A. Stoll has not voluntarily filed income tax returns since 1988. He previously held himself out as a lawyer, though the government has found no records showing that he went to any law school or has been admitted to any bar. *See United States v. Stoll*, Case

Complaint
(Case No. 22-cv-1130)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

No. 05-cv-0262-RSM, 2005 WL 1763617 at *7 (June 27, 2005) ("Stoll falsely hold [sic] himself out to be a 'lawyer' and claims to have spent considerable time studying the tax laws. He is not a member of or licensed with any state or federal bar."). Glen A. Stoll made money selling fraudulent tax avoidance schemes to others, using corporations sole and ministerial trusts. *See United States v. Stoll*, 2005 WL 1763617 at *1 (stating that Glen Stoll and his entities "organize, promote, and market a fraudulent tax scheme using corporations sole and ministerial trusts in an attempt to fraudulently evade income and employment tax").

30. The IRS calculated Glen A. Stoll's income tax liabilities under 26 U.S.C. § 6020(b) for tax years 2001 through 2008.

31. On or about March 6, 2012, the IRS sent a Statutory Notice of Deficiency to Glen A. Stoll computing his tax liabilities for tax years 2001 through 2008. The Statutory Notice of Deficiency also asserted additions to tax under 26 U.S.C. § 6651(a)(1) (penalty for failure to file tax return), 26 U.S.C. § 6651(a)(2) (penalty for failure to pay tax), and 26 U.S.C. § 6654(a) (penalty for failure to pay estimated tax liability). Glen A. Stoll did not petition the U.S. Tax Court to contest the Statutory Notice of Deficiency and the time has expired to do so. 26 U.S.C. § 6213(a).

32. On the dates and for the amounts listed in the chart below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Glen A. Stoll for unpaid federal income taxes (Form 1040: U.S. Individual Income Tax Return), penalties, interest, and other statutory additions for the taxable periods set forth below:

| Tax Period and Type | Assessment Date | Amount and Type of Assessment[1] | | Unpaid Balance[2] (as of July 31, 2022) |
|---|---|---|---|---|
| 12/31/2001 | 08/27/2012 | Tax | $ 9,651.00 | $ 34,643.98 |
| | 08/27/2012 | Estimated Tax Penalty | $ 385.70 | |

---

[1] Failure to Pay Tax Penalty and Failure to File Penalty under 26 U.S.C. § 6651. Estimated Tax Penalty under 26 U.S.C. § 6654.

[2] Including penalties, statutory accruals, and adjustments or abatements.

Complaint
(Case No. 22-cv-1130)                                      5                          U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

| | | | | |
|---|---|---|---|---|
| (Form 1040) | 08/27/2012 | Failure to File Penalty | $ 2,171.48 | |
| | 08/27/2012 | Failure to Pay Tax Penalty | $ 2,412.75 | |
| | 08/27/2012 | Interest | $ 8,615.54 | |
| | 07/15/2013 | Interest | $ 622.49 | |
| | 11/07/2016 | Interest | $ 2,664.54 | |
| | 11/06/2017 | Interest | $ 1,087.21 | |
| | 11/05/2018 | Interest | $ 1,312.37 | |
| | 11/04/2019 | Interest | $ 1,648.81 | |
| | 11/02/2020 | Interest | $ 1,355.37 | |
| 12/31/2002 (Form 1040) | 08/27/2012 | Tax | $ 43,819.00 | $ 145,137.08 |
| | 08/27/2012 | Estimated Tax Penalty | $ 1,464.27 | |
| | 08/27/2012 | Failure to File Penalty | $ 9,859.28 | |
| | 08/27/2012 | Failure to Pay Tax Penalty | $ 10,954.75 | |
| | 08/27/2012 | Interest | $ 33,965.93 | |
| | 07/15/2013 | Interest | $ 2,680.59 | |
| | 11/07/2016 | Interest | $ 11,431.66 | |
| | 11/06/2017 | Interest | $ 4,644.39 | |
| | 11/05/2018 | Interest | $ 5,579.37 | |
| | 11/04/2019 | Interest | $ 7,009.66 | |
| | 11/02/2020 | Interest | $ 5,762.15 | |
| 12/31/2003 (Form 1040) | 08/27/2012 | Tax | $ 49,194.00 | $ 156,104.91 |
| | 08/27/2012 | Estimated Tax Penalty | $ 1,269.29 | |
| | 08/27/2012 | Failure to File Penalty | $ 11,068.65 | |
| | 08/27/2012 | Failure to Pay Tax Penalty | $ 12,298.50 | |
| | 08/27/2012 | Interest | $ 33,794.46 | |
| | 07/15/2013 | Interest | $ 2,883.15 | |
| | 11/07/2016 | Interest | $ 12,295.52 | |
| | 11/06/2017 | Interest | $ 4,995.36 | |
| | 11/05/2018 | Interest | $ 6,001.00 | |
| | 11/04/2019 | Interest | $ 7,539.38 | |
| | 11/02/2020 | Interest | $ 6,197.59 | |
| 12/31/2004 (Form 1040) | 08/27/2012 | Tax | $ 76,643.00 | $ 233,604.83 |
| | 08/27/2012 | Estimated Tax Penalty | $ 2,196.38 | |
| | 08/27/2012 | Failure to File Penalty | $ 17,244.68 | |
| | 08/27/2012 | Failure to Pay Tax Penalty | $ 19,160.75 | |
| | 08/27/2012 | Interest | $ 45,811.62 | |
| | 07/15/2013 | Interest | $ 4,314.53 | |
| | 11/07/2016 | Interest | $ 18,399.77 | |
| | 11/06/2017 | Interest | $ 7,475.35 | |
| | 11/05/2018 | Interest | $ 8,980.26 | |
| | 11/04/2019 | Interest | $ 11,282.36 | |
| | 11/02/2020 | Interest | $ 9,274.45 | |
| 12/31/2005 (Form 1040) | 08/27/2012 | Tax | $ 41,708.00 | $ 120,837.48 |
| | 08/27/2012 | Estimated Tax Penalty | $ 1,672.99 | |
| | 08/27/2012 | Failure to File Penalty | $ 9,384.30 | |
| | 08/27/2012 | Failure to Pay Tax Penalty | $ 10,427.00 | |
| | 08/27/2012 | Interest | $ 20,117.85 | |
| | 07/15/2013 | Interest | $ 2,231.79 | |
| | 11/07/2016 | Interest | $ 9,517.71 | |
| | 11/06/2017 | Interest | $ 3,866.81 | |
| | 11/05/2018 | Interest | $ 4,645.24 | |
| | 11/04/2019 | Interest | $ 5,836.07 | |
| | 11/02/2020 | Interest | $ 4,797.41 | |

Complaint
(Case No. 22-cv-1130)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

| Period | Assessment Date | Type | Amount | Balance |
|---|---|---|---|---|
| 12/31/2006 (Form 1040) | 08/27/2012 | Tax | $ 89,763.00 | $ 244,341.41 |
| | 08/27/2012 | Estimated Tax Penalty | $ 4,247.92 | |
| | 08/27/2012 | Failure to File Penalty | $ 20,196.68 | |
| | 08/27/2012 | Failure to Pay Tax Penalty | $ 22,440.75 | |
| | 08/27/2012 | Interest | $ 31,810.30 | |
| | 07/15/2013 | Interest | $ 4,512.82 | |
| | 11/07/2016 | Interest | $ 19,245.42 | |
| | 11/06/2017 | Interest | $ 7,818.93 | |
| | 11/05/2018 | Interest | $ 9,393.00 | |
| | 11/04/2019 | Interest | $ 11,800.92 | |
| | 11/02/2020 | Interest | $ 9,700.70 | |
| 12/31/2007 (Form 1040) | 08/27/2012 | Tax | $ 35,804.00 | $ 91,300.52 |
| | 08/27/2012 | Estimated Tax Penalty | $ 1,629.54 | |
| | 08/27/2012 | Failure to File Penalty | $ 8,055.90 | |
| | 08/27/2012 | Failure to Pay Tax Penalty | $ 8,951.00 | |
| | 08/27/2012 | Interest | $ 8,505.75 | |
| | 07/15/2013 | Interest | $ 1,686.26 | |
| | 11/07/2016 | Interest | $ 7,191.24 | |
| 12/31/2008 (Form 1040) | 08/27/2012 | Tax | $ 16,329.00 | $ 39,471.01 |
| | 08/27/2012 | Estimated Tax Penalty | $ 524.77 | |
| | 08/27/2012 | Failure to File Penalty | $ 3,674.03 | |
| | 08/27/2012 | Failure to Pay Tax Penalty | $ 3,347.44 | |
| | 08/27/2012 | Interest | $ 2,621.99 | |
| | 07/15/2013 | Interest | $ 709.83 | |
| | 07/15/2013 | Failure to Pay Tax Penalty | $ 734.81 | |
| | 11/07/2016 | Interest | $ 3,108.92 | |
| | | **TOTAL** | | **$1,065,441.22** |

33. Timely notice stating the amounts and demanding payments of the assessments set forth in paragraph 32, above, was provided to and made upon Glen A. Stoll, as required by 26 U.S.C. § 6303.

34. Despite timely notice and demand for payment of the assessments described in paragraph 32, above, Glen A. Stoll has neglected, failed, and/or refused to make full payment of the assessed amounts to the United States.

35. As of July 31, 2022, Glen A. Stoll owes the United States $1,065,441.22 for unpaid federal income taxes for the assessments described in paragraph 32, above. Additional unassessed interest and other statutory additions as provided by law will accrue on this balance.

36. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States on the dates of the assessments set forth in paragraph 32, above, and attached to all property and rights to property of Glen A. Stoll, including the Subject Property.

37. In order to provide notice to third parties entitled to notice of the statutory liens

Complaint
(Case No. 22-cv-1130)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

under 26 U.S.C. § 6323, the IRS recorded the following Notices of Federal Tax Lien ("NFTL") with the Snohomish County Auditor:

| Taxpayer | Type of Tax | Tax Period(s) | Notice | Recording Date | Recording No. |
|---|---|---|---|---|---|
| Glen A. Stoll | 1040 (Income) | 12/31/2001<br>12/31/2002<br>12/31/2003<br>12/31/2004<br>12/31/2005<br>12/31/2006<br>12/31/2007<br>12/31/2008 | NFTL | 04/22/2015 | 201504220339 |
| Stoll Family Trust Janet Spangler Trustee as Nominee of Glen A. Stoll[3] | 1040 (Income) | 12/31/2001<br>12/31/2002<br>12/31/2003<br>12/31/2004<br>12/31/2005<br>12/31/2006<br>12/31/2007<br>12/31/2008 | NFTL | 09/13/2017 | 201709130089 |

### FIRST CLAIM FOR RELIEF: TO REDUCE FEDERAL TAX ASSESSMENTS AGAINST DEFENDANT GLEN A. STOLL TO JUDGMENT

38. The United States incorporates by reference paragraphs 1 through 37, above, as if fully set forth here.

39. Under 26 U.S.C. § 7402(a), the United States has established a claim against Glen A. Stoll in the amount of $1,065,441.22 for unpaid federal income taxes for the assessments for the 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008 individual income tax periods, above, as of July 31, 2022, plus statutory interest which continues to accrue as provided by 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6622 and other statutory additions as provided by law, less any subsequent payment or credits until paid in full.

### SECOND CLAIM FOR RELIEF: TO DETERMINE THAT GLEN A. STOLL IS THE TRUE OWNER OF THE SUBJECT PROPERTY

40. The United States incorporates by reference paragraphs 1 through 39, above, as if

---

[3] NFTL concerning the Subject Property.

Complaint
(Case No. 22-cv-1130)         8         U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

fully set forth here.

41. As described above, Article VII of the Restatement of Stoll Family Trust Agreement entitled "Distribution of Trust" states "[a]ny interest the Trust may have in the property known as 7311 Grove St., Marysville, Washington, is to be assigned to the portion allocated for **Glen A. Stoll.**"

42. Following the death of his parents, Richard H. Stoll and Mary Stoll, Glen A. Stoll became the owner of the Subject Property.

43. The Stoll Family Trust exists for the purpose of holding title to the Subject Property.

44. The Stoll Family Trust is used as a mere shell to shield Glen A. Stoll's assets from tax collection.

45. Glen A. Stoll resides at the Subject Property and enjoys the use and benefits of the Subject Property. Glen A. Stoll has paid no rent to the Stoll Family Trust for continued use of the Subject Property.

46. Glen A. Stoll makes all decisions with respect to the Subject Property.

47. Payment of utilities and property taxes is made from the bank accounts of The Director of the Family Defense League a.k.a. Family Defense League a.k.a. Family Defense Network a.k.a. Family Defense Fund, an entity controlled by Glen A. Stoll.

48. Glen A. Stoll is the sole signatory on the bank account of The Director of the Family Defense League a.k.a. Family Defense League a.k.a. Family Defense Network a.k.a. Family Defense Fund.

49. The Director of the Family Defense League a.k.a. Family Defense League a.k.a. Family Defense Network a.k.a. Family Defense Fund, is an entity inseparate from Glen A. Stoll and has no interest in the Subject Property.

50. The Stoll Family Trust and/or the Family Defense League are sham entities, controlled entirely by Glen Stoll. Glen Stoll has disregarded the "separate entity" of those entities through his actions by using the Subject Property as his personal residence, free of

Complaint
(Case No. 22-cv-1130)

9

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

charge, and paying his personal expenses out of the Family Defense League's accounts. Glen A. Stoll so dominates and controls both the Stoll Family Trust and the Family Defense League that those two entities are his alter egos.

51. Given the lack of consideration paid by the Stoll Family Trust, the close relationship between Glen A. Stoll and the Stoll Family Trust, and the fact that Glen A. Stoll continues to live at the property rent free, enjoying all benefits of ownership, the Stoll Family Trust owns the Subject Property as Glen A. Stoll's nominee.

52. Based on the foregoing, and because Glen A. Stoll maintained a beneficial interest in and control over the Subject Property, to the extent that the Stoll Family Trust and/or the Family Defense League hold title to the Subject Property, they do so as the nominees and/or alter egos of Glen A. Stoll.

53. Any claim to or interest in the Subject Property by the Stoll Family Trust and/or the Family Defense League is non-existent. Any such claim or interest was part of a scheme to defraud creditors of Glen A. Stoll, including the United States, and have no merit.

54. Glen A. Stoll is the true owner of the Subject Property.

### THIRD CLAIM FOR RELIEF: TO FORECLOSE FEDERAL TAX LIENS THAT ENCUMBER THE SUBJECT PROPERTY

55. The United States incorporates by reference paragraphs 1 through 54, above, as if fully set forth here.

56. The Subject Property and all fixtures thereon are encumbered with federal tax liens for the unpaid federal tax assessments described in paragraph 32, above.

57. The federal tax liens arising from the assessments described in paragraph 32, above have priority over all interests in the Subject Property acquired after the attachment of the federal tax liens, subject to the provisions of 26 U.S.C. § 6323.

58. The United States seeks to foreclose the federal tax liens through the sale of the Subject Property on the basis that the Stoll Family Trust and Family Defense League are the nominee and/or alter ego of Glen A. Stoll.

Complaint
(Case No. 22-cv-1130)

10

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

59. Federal tax liens arising from the assessments against Glen A. Stoll continue to attach to the Subject Property.

60. Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Subject Property to enforce its federal tax liens.

WHEREFORE, the Plaintiff, the United States prays as follows:

A. That this Court determine, adjudge, and decree that Defendant Glen A. Stoll is indebted to the United States for unpaid federal income tax liabilities for tax years 2001 through 2008, described in paragraph 32, above, in the amount of $1,065,441.22 as of July 31, 2022, plus statutory interest which continues to accrue as provided by 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6622 and other statutory additions as provided by law, less any subsequent payment or credits until paid in full, and that judgment in that amount be entered against Defendant Glen A. Stoll and in favor of the United States;

B. That this Court determine, adjudge, and decree that the United States has valid and subsisting federal tax liens against all property and rights to property of Defendant Glen A. Stoll, including but not limited to, their interest in the Subject Property;

C. That the Court determine, adjudge, and decree that Defendants the Stoll Family Trust and Family Defense League are the nominees and/or alter ego of Glen A. Stoll.

D. That this Court determine, adjudge, and decree that any claim to or interest in the Subject Property by Defendants the Stoll Family Trust and Family Defense League are non-existent.

E. That this Court determine the interest, if any, of the other named defendants in the Subject Property and their respective priority to a distribution of proceeds from a sale of the Subject Property;

F. That this Court foreclose the federal tax liens and judgment liens against Defendant Glen A. Stoll encumbering the Subject Property;

G. That this Court order the Subject Property be sold with proceeds applied to Glen A. Stoll's delinquent unpaid federal income tax liabilities for tax years 2001 through 2008; and

Complaint
(Case No. 22-cv-1130)

11

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

H.   That the United States be awarded its costs and attorney's fees herein, and such other and further relief as this Court deems just and proper.

DATED this 12th day of August, 2022.

                    Respectfully submitted,

                    DAVID A. HUBBERT
                    Deputy Assistant Attorney General

                    */s Dylan C. Cerling*
                    DYLAN C. CERLING
                    YEN JEANNETTE TRAN
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    P.O. Box 683
                    Ben Franklin Station
                    Washington, D.C. 20044-0683
                    Tel:   202-616-3366 (Tran)
                                     202-616-3395 (Cerling)
                    Fax:  202-307-0054
                    y.jeannette.tran@usdoj.gov
                    dylan.c.cerling@usdoj.gov

                    *Attorneys for the United States of America*

Complaint
(Case No. 22-cv-1130)

12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366