UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>GLEN A. STOLL, et al.,<br><br>                    Defendants. | C22-1130 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     The motion to dismiss for lack of jurisdiction, docket no. 18, brought by Defendant Glen A. Stoll ("Defendant Stoll") is DENIED.  On November 25, 2022, Defendant Stoll filed a document tilted "Foreign Plea in Abatement," docket no. 18.  The Court construes this document as a motion to dismiss because it challenges the Court's jurisdiction.  Mot. to Dismiss at 2 (docket no. 18).  Defendant Stoll, however, has failed to explain why the Court lacks jurisdiction over the present matter, and the Court concludes that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.  The United States brings this action to:  (i) reduce to judgment outstanding federal tax assessments against Defendant Stoll; (ii) find that a parcel of improved property located in Snohomish County, Washington (the "Subject Property") is held by a nominee and/or alter ego of Defendant Stoll; and (iii) foreclose federal tax liens on the Subject Property.  *See* Compl. at ¶ 1 (docket no. 1). The United States brings this action against Defendant Stoll, the Stoll Family Trust, and the Director of the Family Defense League, a Washington business entity.[1]  *Id.* at ¶¶ 6–9.

---

[1] Snohomish County is also named as a defendant in this action because it may claim an interest in the Subject Property.  Compl. at ¶ 10 (docket no. 1).

MINUTE ORDER - 1

Defendant Stoll has provided no legal authority to support his argument that the Court lacks jurisdiction over this matter.

(2) Defendant Stoll's motion for an extension, docket no. 30, is DENIED. On December 2, 2022, the United States moved for entry of default against the Stoll Family Trust and the Director of the Family Defense League for failure to timely plead or otherwise defend in this action. Mot. for Entry of Default (docket no. 21). Because Defendant Stoll indicated that he desired for himself, the Stoll Family Trust, and the Director of the Family Defense League to be represented by counsel, the Court provided all defendants until February 1, 2023, to arrange for an attorney to file a notice of appearance on their behalf. *See* Minute Order (docket no. 24). By minute order entered February 16, 2023, the Court granted defendants an extension until April 14, 2023, to obtain counsel. Minute Order (docket no. 28). As of the date of this Minute Order, no attorney has appeared on behalf of Defendant Stoll, the Stoll Family Trust, or the Director of the Family Defense League. As the Court has previously explained, although Defendant Stoll may proceed pro se in this litigation, the Stoll Family Trust and the Director of the Family Defense League, a business entity, must be represented by counsel. *See* Minute Order (docket no. 24) (citing Local Civil Rule 83.2(b)(4) and *United States v. Haines*, No. C13-5082, 2013 WL 5718455, at *1 (W.D. Wash. Aug. 5, 2013)). The Court concludes that all defendants have had ample time to obtain counsel in this action.[2]

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record and Defendant Stoll.

Dated this 25th day of April, 2023.

                                                Ravi Subramanian
                                                Clerk

                                                s/Laurie Cuaresma
                                                Deputy Clerk

---

[2] In his motion for an extension, Defendant Stoll makes an alternative request and asks the Court to sign a proposed order dismissing this matter on summary judgment. *See* Mot. for Extension at 2 (docket no. 30); Proposed Order (docket no. 32). Defendant Stoll has not moved under Federal Rule of Civil Procedure 56 for summary judgment and the Court therefore DENIES his alternative request.

MINUTE ORDER - 2