UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

          Plaintiff,

  v.

GLEN A. STOLL; STOLL FAMILY TRUST; DIRECTOR OF THE FAMILY DEFENSE LEAGUE a/k/a FAMILY DEFENSE NETWORK; and SNOHOMISH COUNTY,

          Defendants.

C22-1130 TSZ

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    The motion, docket no. 75, to withdraw as counsel of record for Janet Spangler, Trustee of defendant Stoll Family Trust, brought by Todd J. Cook and Trevor H. Lane of the law firm Beresford Booth PLLC (the "Beresford Firm"), is GRANTED. The motion does not state any grounds for withdrawal, but a subsequent submission by defendant Glen A. Stoll provides an irrefutable basis for concluding that the Beresford Firm cannot continue as counsel of record for Spangler or the Stoll Family Trust. On November 1, 2024, Stoll filed a "Complaint of Attorney Misconduct and Fee Dispute," docket no. 77, which had been submitted to the Office of Disciplinary Counsel of the Washington State Bar Association. This document included an email from Spangler to various lawyers at the Beresford Firm indicating disagreement between Spangler and the attorneys over strategic matters and the payment of fees. The Court CONCLUDES that, as a result of Spangler's communications and Stoll's actions, the Beresford Firm can no longer serve as counsel for Spangler or the Stoll Family Trust because a "significant risk" exists that the representation "will be materially limited . . . by a personal interest of the

MINUTE ORDER - 1

lawyer[s]." RPC 1.7(a)(2). For purposes of RPC 1.7, a lawyer's personal interest encompasses "an interest arising out of the lawyer's exposure to culpability." *See Washington v. King*, 2023 WL 3478545, at *8 (Wash. Ct. App. May 16, 2023) (citing *In re Pers. Restraint of Stenson*, 142 Wn.2d 710, 740, 16 P.3d 1 (2001)); *see also In re Marriage of Wixom*, 182 Wn. App. 881, 898, 332 P.3d 1063 (2014) ("'The lawyer's interest,' within the context of RPC 1.7, denotes a financial or familial interest or an interest arising from the lawyer's exposure to culpability." (citing *Stenson*)). Having placed the Beresford Firm in the position of defending itself before the Washington State Bar Association, neither Spangler nor Stoll will be heard to object to the Beresford Firm's withdrawal on grounds of irreconcilable differences or an actual conflict of interest. Messrs. Cook and Lane, as well as the Beresford Firm, are GRANTED leave to withdraw as counsel of record for Spangler and the Stoll Family Trust, effective immediately.

(2) The Stoll Family Trust having already been declared in default, *see* Order (docket no. 35), the Court declines to set a deadline for substitute counsel to appear on behalf of Spangler and the Stoll Family Trust. Spangler and the Stoll Family Trust have previously been advised that they cannot proceed pro se, *see* Mot. at 1–2 (docket no. 75), and, to participate in this matter, they must retain an attorney admitted to practice in this District.

(3) Having reviewed the Joint Status Report, docket no. 76, submitted by all parties other than Snohomish County, which need not actively participate pursuant to a stipulation, docket no. 9, approved by the Court on October 18, 2022, *see* Order (docket no. 11), the Court DECLINES to vacate the trial date or extend the deadlines for filing discovery motions or completing discovery. Although plaintiff United States of America continues to desire discovery responses from defendants, further efforts to force Stoll and the Director of the Family Defense League, also known as Family Defense Network, to produce the requested documents would be futile. The Court further DECLINES to schedule a status conference at this time, notwithstanding the intent expressed during the telephonic hearing conducted on September 30, 2024, *see* Minutes (docket no. 70), and plaintiff's counsel's emailed request. The Court concludes that a status conference would not be an efficient expenditure of the Court's or the parties' resources.

(4) The deadline for dispositive motions is EXTENDED from November 25, 2024, to December 13, 2024. The Court concludes that plaintiff United States of America can be prepared by December 13, 2024, to file a motion for default judgment against the Stoll Family Trust and the Director of the Family Defense League, which have by virtue of their defaults admitted all "well-pleaded factual allegations" of the complaint, *see DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007), and a motion for summary judgment against Glen Stoll, who has, by virtue of failing to timely respond, admitted all matters set forth in plaintiff's First Requests for Admissions, *see* Minute Order at ¶ 2(a) (docket no. 63) (citing Fed. R. Civ. P. 36(a)(3)).

MINUTE ORDER - 2

(5) This matter being scheduled for a bench trial, the deadlines for filing motions related to expert witnesses (December 2, 2024) and for filing motions in limine (January 13, 2025) are STRICKEN.  Any evidentiary issues that would be raised in such motions in the context of a jury trial shall instead be addressed in the parties' trial briefs.  All other dates and deadlines set forth in the Minute Order entered May 1, 2024, docket no. 55, shall remain in full force and effect.

(6) The Clerk is DIRECTED to send a copy of this Minute Order to all counsel of record and to Glen Stoll *pro se*.  Messrs. Cook and Lane are DIRECTED to serve a copy of this Minute Order on Janet Spangler, Trustee of the Stoll Family Trust, and to file, within seven (7) days of the date of this Minute Order, proof of such service.

Dated this 13th day of November, 2024.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 3